## GERENDE *v.* BOARD OF SUPERVISORS OF ELECTIONS

[No. 159, October Term, 1950.]

*Decided February 15, 1951.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

*I. Duke Avnet* and *Harold Buchman*, with whom were *Mitchell A. Dubow* and *William H. Murphy* on the brief, for the appellant.

*J. Edgar Harvey, Deputy Attorney General,* with whom was *Hall Hammond, Attorney General,* on the brief for the appellees.

GRASON, J., delivered the opinion of the Court.

The order appealed from herein will be affirmed on the authority of *Shub v. Simpson*, 196 Md. 177, 76 A. 2d 332, decided November 1, 1950.

Reference is made to the opinion filed in that case for the reasons of our decision in the instant case. No further opinion will be filed herein.

*Order affirmed with costs.*

MARKELL, J., delivered the following concurring opinion, in which HENDERSON, J., joined.

In *Shub v. Simpson,* 196 Md. 177, 192, 76 A. 2d 332, 338, this court said, "The purpose of Section 11 of Article 15 of the Constitution, and of Chapter 86 of the Acts of 1949, is the same and they are to be construed together to effect that purpose. That is to prevent infiltration in our state, county or municipal governments of persons who are engaged in one way or another in the attempt to overthrow the government *by force or violence.* We construe the affidavit required by Sec. 15 with respect to those desiring to become candidates for public office as a means of preventing such infiltration at its initial stage, thereby preventing confusion among the electors and that it is, in no sense, an additional oath of office", and held Sec. 15 of the statute, as so construed, valid. I dissented both as to the construction of the statute and as to its validity under Article 37 of the Declaration of Rights. As to the construction of the statute and its validity under the Maryland Constitution, that decision is final and is therefore binding on me in the instant case. As to questions raised under the Constitution of the United States, I think Sec. 15 is valid, when the required affidavit is construed as meaning only that the affiant is not a member of an organization ("subversive organization" or "foreign subversive organization") "of persons who are engaged in one way or another in the attempt to overthrow the government *by force or violence." American Communications Association v. Douds,* 339 U. S. 382, 70 S. Ct. 674; *United States v. Dennis,* 2 Cir., 183 F. 2d 201.

Judge HENDERSON authorizes me to say that he concurs in this opinion.